## (April 14, 1983)

■ JERALD A. BANKER, Appellant, v MEYER APFELDORF, Respondent-Respondent, et al., Respondents. JERALD A. BANKER, Appellant, v SINAI HALBERSTAM, Respondent-Respondent, et al., Respondents. — In two proceedings to invalidate petitions designating Meyer Apfeldorf and Sinai Halberstam as candidates in the Community School Board election in Community School District No. 22, to be held on May 3, 1983, the appeals are from two judgments of the Supreme Court, Kings County (Slavin, J.), each entered March 24, 1983, which dismissed the proceedings. Judgments affirmed, without costs or disbursements. Pursuant to section 6-154 of the Election Law, written general objections to the petitions designating Meyer Apfeldorf and Sinai Halberstam for nomination to the Community School Board of the Community School District No. 22 were filed with the board of elections. Those general objections named appellant as the objector, but were not signed by the appellant. The board of elections ruled that appellant's signature was required, and, therefore, refused to consider the general objections and specifications thereafter filed. Special Term concurred with the board of elections, that the absence of appellant's signature from the general objections was a fatal defect. We affirm. Pursuant *to section 6-154 of the Election Law only certain persons are qualified to file* objections, and those objections must be in writing. We conclude that the requirement that the objections be in writing implies that the writing be subscribed by the objector, who must be registered to vote for the office in question. The implied requirement of a signature ensures that objections are only filed by qualified objectors, or with the authorization of qualified objectors. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.